JUDGE NATHAN

**14 CV 8004**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY TART, individually and on behalf of other persons similarly situated who were employed by LIONS GATE ENTERTAINMENT CORPORATION, LIONS GATE FILMS, INC., and DEBMAR-MERCURY LLC or any other entities affiliated with or controlled by LIONS GATE ENTERTAINMENT CORPORATION, LIONS GATE FILMS, INC., and DEBMAR-MERCURY LLC, | **Index No.** |
| | **CLASS ACTION COMPLAINT** |
| Plaintiffs, | **Jury Demand** |
| -against - | |
| LIONS GATE ENTERTAINMENT CORPORATION, LIONS GATE FILMS, INC., and DEBMAR-MERCURY LLC or any other entities affiliated with or controlled by LIONS GATE ENTERTAINMENT CORPORATION, LIONS GATE FILMS, INC., and DEBMAR-MERCURY LLC, | |
| Defendants. | |



RECEIVED
OCT 0 3 2014
U.S.D.C. S.D. N.Y.
CASHIERS

The Named Plaintiff Anthony Tart, by his attorneys Leeds Brown Law, P.C. and Virginia & Ambinder, LLP, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.     This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206 and 216(b), New York Labor Law Article 19 § 650, *et seq.*, New York Labor Law Article 6 §§ 190, *et seq.* ("NYLL"), 12 New York Codes, Rules and Regulations ( "NYCRR") § 142-2.1, to recover unpaid minimum wages owed to Named Plaintiff and all similarly situated persons who are presently or were formerly employed to work on The Wendy Williams Show by LIONS GATE ENTERTAINMENT CORPORATION, LIONS GATE FILMS, INC., and DEBMAR-MERCURY LLC or any other entities affiliated with or controlled by LIONS GATE ENTERTAINMENT CORPORATION, LIONS GATE FILMS, INC., and DEBMAR-MERCURY LLC (hereinafter referred to as "Defendants").

2.      Beginning in approximately September 2008 and, upon information and belief, continuing through the present, Defendants have wrongfully classified Named Plaintiff and other similarly situated individuals who worked on The Wendy Williams Show as exempt from minimum wages.

3.      Beginning in approximately September 2008 and, upon information and belief, continuing through the present, Defendants have maintained a policy and practice of failing to provide compensation at the statutory minimum wage rate for all hours worked to the Named Plaintiff and members of the putative class.

4.      Named Plaintiff has initiated this action seeking for himself, and on behalf of all similarly situated employees, all compensation, including minimum wages, which they were deprived of, plus interest, attorneys' fees, and costs.

## JURISDICTION

5.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

6.      The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

7.      The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

8.      Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## THE PARTIES

9.     The Named Plaintiff, Anthony Tart, is an individual who is currently a resident of Brooklyn, New York.

10.     Named Plaintiff was hired by Defendants to work on The Wendy Williams Show in Manhattan, New York from approximately August of 2012 through December of 2012.

11.     Although the Defendants misclassified Named Plaintiff and other members of the putative class as interns, Named Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

12.     Upon information and belief, Defendant Lions Gate Entertainment Corp. ("Lions Gate Entertainment") is a foreign multimedia corporation that operates in the motion picture production and distribution, television programming and syndication, and other entertainment industries. At all relevant times, Lions Gate Entertainment's common stock traded on the New York Stock Exchange under the ticker symbol "LGF." Lions Gate Entertainment maintains an office at 75 Rockefeller Plaza, New York, New York 10019.

13.     Lions Gate Films, Inc. ("Lions Gate Films") is a foreign business corporation incorporated under the laws of Delaware, and is authorized to do business within the State of New York.  Lions Gate Films maintains a principal executive office at 2700 Colorado Ave., Santa Monica, California 90404.

14.     Upon information and belief, Lions Gate Films maintains an office at 75 Rockefeller Plaza, New York, New York 10019.

15.     Upon further information and belief, Lions Gate Films is a division of Lions Gate Entertainment involved in domestic home entertainment distribution, including distribution of The Wendy Williams Show.

16. Upon information and belief, Defendant Debmar-Mercury LLC is a subsidiary of Lions Gate Entertainment with offices located at 75 Rockefeller Plaza, New York, New York 10019.

17. Defendant Debmar-Mercury produces the American syndicated talk show "The Wendy Williams Show" which airs nationally on FOX Television stations.

18. Defendants each engage in interstate commerce, produce goods for interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

19. Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## CLASS ALLEGATIONS

20. Named Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 19 hereof.

21. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

22. This action is brought on behalf of the Named Plaintiff and a class consisting of each and every other person who worked for Defendants as interns on The Wendy Williams Show, and were misclassified as exempt from minimum wage requirements.

23. Named Plaintiff and putative class members are all victims of the Defendants' common policy and/or plan to violate New York and Federal wage and hour statutes by (1) misclassifying Named Plaintiff and members of the putative class as exempt from minimum wage compensation; (2) failing to pay all earned wages, and (3) failing to provide minimum wages for work performed.

24.     Defendants uniformly applied the same employment practices, policies and procedures to all interns who work for Defendants in the State of New York.

25.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 individuals. In addition, the names of all potential members of the putative class are not known.

26.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendants failed to pay Named Plaintiff and members of the putative class all earned wages for the work they performed on behalf of Defendants; (2) whether the Defendants misclassified Named Plaintiff and members of the putative class as exempt from minimum wages; and (3) whether the Defendants required Named Plaintiff and members of the putative class to perform work on its behalf and for its benefit for which they were not compensated.

27.     The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class members were all misclassified as interns and were all subject to Defendants' policies and willful practices of failing to pay employees all earned minimum wages for work they performed in connection with The Wendy Williams Show. Named Plaintiff and putative class members thus have sustained similar injuries as a result of the Defendants' actions.

28.     The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. Named Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

29.     A class action is superior to other available methods for the fair and efficient

adjudication of this controversy. The individual Named Plaintiff and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation. Finally, a class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

30. Prosecuting and defending multiple actions would be impracticable.

31. Managing a class action will not result in undue difficulties.

## FACTS

32. Upon information and belief, beginning in or around September 2008, the Defendants maintained a common policy and practice of employing interns on The Wendy Williams Show without compensating them for the work that they performed.

33. Named Plaintiff Tart was hired by Defendants in or about August 2012 and performed various tasks including, but not limited to, washing dishes, getting coffee, picking up art supplies, stocking printers, throwing out garbage, and creating a tape library.

34. From August 2012 through December 2012, Named Plaintiff typically worked two days per week, eight hours per day.

35. Defendants did not provide any compensation to Named Plaintiff for the hours he worked.

36. Defendants benefitted from the work that Named Plaintiff performed.

37. Defendants would have hired additional employees or required existing staff to work additional hours had Named Plaintiff not performed work for Defendants.

38. Upon information and belief, like the Named Plaintiff, members of the putative

class were also hired by Defendants, furnished labor to Defendants, under the control of Defendants, for Defendants' benefit, without receiving any compensation, such as minimum wages.

39.     Defendants did not provide academic or vocational training to Named Plaintiff or putative class members.

40.     Upon information and belief, Defendants' unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by denying Named Plaintiff and the putative class members compensation in violation of the FLSA and NYLL and its implementing regulations.

41.     Defendants' unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused damages to Named Plaintiff and the putative class.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS:
## FLSA MINIMUM WAGE COMPENSATION

42.     Named Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 41 hereof.

43.     Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than -- (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day [July 24, 2009]."

44.     Lions Gate Entertainment is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

45.     Lions Gate Films is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

46.     Debmar-Mercury is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

47.     Named Plaintiff and other members of the putative collective action are employees, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

48.     Named Plaintiff and other members of the putative collective action, during all relevant times, engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

49.     None of the exemptions of 29 U.S.C. § 213 applies to Named Plaintiff or other similarly situated employees.

50.     Defendants violated the FLSA by failing to pay Named Plaintiff and other members of the putative collective action minimum wages for all hours worked in any given week.

51.     Upon information and belief, the failure of Defendants to pay Named Plaintiff and other members of the putative collective action their rightfully-owed wages was willful.

52.     By the foregoing reasons, Defendants are liable to Named Plaintiff and members of the putative collective action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, liquidated damages, interest and attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS:
## NEW YORK MINIMUM WAGE COMPENSATION

53.     Named Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 52 hereof.

54.     Title 12 NYCRR § 142-2.1 states that, "(a) [t]he basic minimum hourly rate shall be: (1) $7.15 per hour on and after January 1, 2007; (2) $7.25 per hour on and after July 24, 2009; (3) $8.00 per hour on and after December 31, 2013; (4) $8.75 per hour on and after December 31, 2014 . . . ."

55.     New York Labor Law § 663, provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

56.     Pursuant to Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

57.     As persons employed for hire by Defendants, Named Plaintiff and members of the putative class are "employees," as understood in Labor Law § 651.

58.     Pursuant to Labor Law § 651, the term "employer" includes any "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

59.     Pursuant to New York Labor Law §§ 190, *et seq.*, 650, *et seq.,* and the cases interpreting same, Defendants are each considered an "employer" of Named Plaintiff and members of the putative class.

60.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants and protect Named

Plaintiff and members of the putative class.

61.     Defendants failed to pay Named Plaintiff and other members of the putative class minimum wages for all hours works, in violation of Title 12 NYCRR § 142-2.1 and Labor Law § 663.

62.     Upon information and belief, Defendants' failure to pay Named Plaintiff and putative class members minimum wages was willful.

63.     By the foregoing reasons, Defendants have violated Title 12 NYCRR § 142-2.1 and Labor Law § 663, and are liable to Named Plaintiff and members of the putative class in an amount to be determined at trial, interest, and attorneys' fees and costs.

<b>THIRD CAUSE OF ACTION AGAINST DEFENDANTS:<br>NEW YORK WAGE THEFT NOTICE</b>

64.     Named Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 63 hereof.

65.     Pursuant to Article Six of the New York Labor Law, Defendants are employers within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

66.     Plaintiff, and those individuals similarly situated are employees within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

67.     NYLL § 195(1) requires employers, such as Defendants, at commencement of employment and in February of every year, to "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, … a notice containing… the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of

-10-

the minimum wage, including tip, meal, or lodging allowances."

68.    NYLL § 195(3) requires an employer such as Defendants to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked . . . ."

69.    Named Plaintiff, and upon information and belief other members of the putative class, did not receive the required yearly wage notice or required weekly wage statements pursuant to NYLL § 195.

70.    By the foregoing reasons, Defendants have violated NYLL § 195 and are liable to Plaintiffs and other members of the putative class for the penalties set forth in N.Y. Labor Law § 198, post-judgment interest, attorneys' fees, and the costs and disbursements of this action.

**WHEREFORE**, the Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendants, seeks the following relief:

(1)    on the first cause of action against Defendants in an amount to be determined at trial, in the amount equal to the amount of unpaid wages, liquidated damages, interest, attorneys' fees and costs,

(2)    on the second cause of action against Defendants in an amount to be determined at

trial, liquidated damages, plus interest, attorneys' fees and costs;

  (3) On the third cause of action against Defendants for the penalties set forth in N.Y. Labor Law § 198, post-judgment interest, attorneys' fees, and the costs and disbursements of this action.

  (4) together with such other and further relief the Court may deem appropriate.

Dated: New York, New York
   October 1, 2014

         VIRGINIA & AMBINDER, LLP

By: _____
   Alison Genova, Esq.
   Lloyd R. Ambinder, Esq.
   LaDonna Lusher, Esq.
   40 Broad Street, Seventh Floor
   New York, NY 10004
Tel: (212) 943-9080
Fax: (212) 943-9082
   lambinder@vandallp.com

      -and-

   LEEDS BROWN LAW, P.C.
   Jeffrey K. Brown, Esq.
   Daniel Markowitz, Esq.
   One Old Country Road, Suite 347
   Carle Place, New York 11514
Tel: (516) 873-9550
   jbrown@leedsbrownlaw.com

   *Attorneys for Plaintiff and putative class*