Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
Sam S. Shaulson
Christopher A. Parlo
101 Park Avenue
New York, New York 10178
(212) 309-6718 (Telephone)
(212) 309-6001 (Fax)
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY TART, on behalf of himself and all others similarly situated, | |
| *Plaintiff,* | **ELECTRONICALLY FILED** |
| v. | Civil Action No. 14-cv-8004-AJN |
| LIONS GATE ENTERTAINMENT CORPORATION, LIONS GATE FILMS, INC. and DEBMAR-MERCURY LLC | |
| *Defendants.* | |

**DEFENDANTS' ANSWER AND DEFENSES**
**TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendants Lions Gate Entertainment Corporation, Lions Gate Films, Inc. and Debmar-Mercury LLC ("Defendants"), by and through their undersigned counsel, answer Plaintiff Anthony Tart's ("Tart") Class Action Complaint (the "Complaint") as follows:

**INTRODUCTION**

1.     Certain of the allegations in paragraph 1 of the Complaint are legal conclusions to which no answer is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring this action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") as described in Paragraph 1, but deny that he is similarly situated

to any other individuals and deny this case can proceed as a class or collective action. Defendants deny any remaining allegations in Paragraph 1 of the Complaint.

      2.      Defendants deny the allegations contained in Paragraph 2 of the Complaint.

      3.      Defendants deny the allegations contained in Paragraph 3 of the Complaint.

      4.      The allegations in Paragraph 4 are legal conclusions to which no response is required.  To the extent a response is required Defendants deny the allegations and specifically deny that this case can proceed as a class or collective action.

## JURISDICTION

      5.      The allegations in Paragraph 5 are legal conclusions to which no response is required.

      6.      The allegations in Paragraph 6 are legal conclusions to which no response is required.

      7.      The allegations in Paragraph 7 are legal conclusions to which no response is required.

## VENUE

      8.      The allegations in Paragraph 8 are legal conclusions to which no response is required.

## THE PARTIES

      9.      Except to admit that Tart is an individual, Defendants lack knowledge and information sufficient to admit or deny whether Tart is currently a resident of Brooklyn, New York.

10. Except to admit that Anthony Tart was an intern at The Wendy Williams Show in Manhattan, New York from approximately August 2012 through December 2012, Defendants deny any remaining allegations in Paragraph 10.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit that Lions Gate Entertainment Corporation is a multimedia corporation that operates in the motion picture production and distribution, television programming and syndication, and other entertainment industries and that its common stock trades on the New York Stock Exchange under the ticker symbol "LGF." Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit that Lions Gate Films is a division of Lions Gate Entertainment involved in domestic home entertainment distribution. Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit that Debar-Mercury LLC is a subsidiary of Lions Gate Entertainment. Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. The allegations in Paragraph 18 are legal conclusions to which no response is required.

19. Defendants admit the allegations contained in Paragraph 19 of the Complaint.

## **CLASS ALLEGATIONS**

20. Defendants incorporate by reference their responses to the previous paragraphs of Plaintiff's Complaint as though fully set forth herein.

21. Defendants admit that Plaintiff purports to bring a FLSA collective action, but deny that this case can proceed as a collective action. Defendants admit that Plaintiff purports to bring a Rule 23 class action, but deny that this case can proceed as a class action. Defendants deny all other allegations in Paragraph 21.

22. Defendants admit that Plaintiff purports to bring a collective action on behalf of others and Defendants deny all other allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Certain of the allegations contained in Paragraph 25 are legal conclusions to which no response is required. Defendants lack knowledge and information sufficient to admit or deny any remaining allegations in that Paragraph.

26. Certain of the allegations contained in Paragraph 26 are legal conclusions to which no response is required. To the extent there are any remaining allegations in Paragraph 26, those allegations are denied.

27. Certain of the allegations in Paragraph 27 are legal conclusions to which no response is required. To the extent there are any remaining allegations in Paragraph 27, those allegations are denied.

28. Certain of the allegations in Paragraph 28 are legal conclusions to which no response is required. To the extent there are any remaining allegations in Paragraph 28, those allegations are denied.

29. Certain of the allegations in Paragraph 29 are legal conclusions to which no response is required. To the extent there are any remaining allegations in Paragraph 29, those allegations are denied.

30. Certain of the allegations in Paragraph 30 are legal conclusions to which no response is required. To the extent a there are any remaining allegations in Paragraph 30, those allegations are denied.

31. Certain of the allegations in Paragraph 31 are legal conclusions to which no response is required. To the extent there are any remaining allegations in Paragraph 31, those allegations are denied.

## **FACTS**

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants admit Plaintiff became an intern for The Wendy Williams Show in or about August 2012, and that he performed some of the tasks listed. Defendants deny that this list accurately reflects how Plaintiff spent all of his time during his internship, and deny any remaining allegations in Paragraph 33.

34. Defendants admit that Tart typically interned for The Wendy Williams Show two days a week. Defendants deny the remaining allegations contained in Paragraph 34 of the Complaint.

35. Defendants admit that Plaintiff did not receive any monetary compensation from Defendants. Defendants deny any remaining allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Except to admit that interns did not have to be and were not paid the minimum wage, Defendants deny the remaining allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

**FIRST CAUSE OF ACTION:**
**FLSA MINIMUM WAGE COMPENSATION**

42. Defendants incorporate by reference their responses to the previous paragraphs of Plaintiff's Complaint as though fully set forth herein.

43. The allegations in Paragraph 43 are legal conclusions to which no response is required.

44. The allegations in Paragraph 44 are legal conclusions to which no response is required.

45. The allegations in Paragraph 45 are legal conclusions to which no response is required.

46. The allegations in Paragraph 46 are legal conclusions to which no response is required.

47. The allegations in Paragraph 47 are legal conclusions to which no response is required.  To the extent there are any remaining allegations in Paragraph 47, those allegations are denied.

48. The allegations in Paragraph 48 are legal conclusions to which no response is required.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

## SECOND CAUSE OF ACTION:
## NEW YORK MINIMUM WAGE COMPENSATION

53. Defendants incorporate by reference their responses to the previous paragraphs of Plaintiff's Complaint as though fully set forth herein.

54. The allegations in Paragraph 54 are legal conclusions to which no response is required.

55. The allegations in Paragraph 55 are legal conclusions to which no response is required.

56. The allegations in Paragraph 56 are legal conclusions to which no response is required.

57. The allegations in Paragraph 57 are legal conclusions to which no response is required. To the extent there are any remaining allegations in Paragraph 57, those allegations are denied.

58. The allegations in Paragraph 58 are legal conclusions to which no response is required.

59. The allegations in Paragraph 59 are legal conclusions to which no response is required.

60. Certain of the allegations in Paragraph 60 of the Complaint are legal conclusions to which no response is required. Defendants deny any remaining allegations contained in Paragraph 60 of the Complaint.

61. Certain of the allegations in Paragraph 61 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that the minimum

7

wage provisions of the NYLL apply to Plaintiff or members of the putative class and that they violated any law.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

**THIRD CAUSE OF ACTION:**
**NEW YORK WAGE THEFT NOTICE**

64. Defendants incorporate by reference their responses to the previous paragraphs of Plaintiff's Complaint as though fully set forth herein.

65. The allegations in Paragraph 65 are legal conclusions to which no response is required.

66. The allegations in Paragraph 66 are legal conclusions to which no response is required.

67. The allegations in Paragraph 67 are legal conclusions to which no response is required.

68. The allegations in Paragraph 68 are legal conclusions to which no response is required.

69. The allegations in Paragraph 69 are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that they did not provide wage notices or wage statements to Named Plaintiff, deny that the Named Plaintiff was entitled to such wage notices and wage statements, and deny any remaining allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny all the allegations and assertions contained in Plaintiff's Prayer for Relief and deny that Plaintiff or those he seeks to represent are entitled to any relief of any kind whatsoever, including any of the relief sought in Paragraphs (1) – (4) of the Prayer for Relief.

## GENERAL DENIAL

Defendants deny each and every allegation contained in the Complaint that is not specifically admitted herein.

## DEFENSES

As and for separate defenses to the Complaint, and without conceding that Defendants bear the burden of proof or persuasion as to any of them, Defendants allege the following specific defenses. Defendants reserve the right to amend this Answer and to assert additional defenses and/or supplement, alter, or change their Answer and Defenses upon completion of appropriate investigation and discovery.

## FIRST DEFENSE

Plaintiff has failed, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims, and those of the members of the putative classes he purports to represent, are barred because those individuals are not "employees" within the meaning of the FLSA or the NYLL.

## THIRD DEFENSE

If Defendants are found to have failed to pay Plaintiff and any putative member of the classes whom he purports to represent any wages owed, which Defendants expressly deny, Defendants nevertheless acted at all times on the basis of a good faith and reasonable belief that they had complied fully with all applicable laws and had no actual or constructive notice

of any violation. The actions taken or omitted by Defendants were also in good faith conformity with administrative regulations and/or guidance and/or interpretations issued by the U.S. Department of Labor and the New York State Department of Labor.

## FOURTH DEFENSE

Plaintiff's claims, and/or those of the members of the putative classes whom he purports to represent, are barred in whole or in part by applicable statutes of limitation.

## FIFTH DEFENSE

Plaintiff's claims, and those of the members of the putative classes whom he purports to represent, are barred in whole or in part by the equitable doctrines of unclean hands, unjust enrichment, laches, offset and/or set off and/or estoppel.

## SIXTH DEFENSE

Plaintiff's claims, and those of the members of the putative classes whom he purports to represent, are barred in whole or in part because he has not suffered any injury or damage as a result of any actions allegedly taken by Defendants.

## SEVENTH DEFENSE

Plaintiff's claims, and those of the members of the putative classes whom he purports to represent, are barred in whole or in part because the Complaint is uncertain in that the purported class definitions are ambiguous and conclusory.

## EIGHTH DEFENSE

If this Court were to certify this action as a class action, any award of liquidated, multiple, or punitive damages would deny Defendants the due process of law.

**NINTH DEFENSE**

To the extent Plaintiff and members of the putative classes whom he purports to represent suffered injury, which Defendants expressly deny, subject to proof through discovery, any such injury is the result of acts or omissions of such individuals, and not any act or omission of Defendants.

**TENTH DEFENSE**

Plaintiff is not entitled to certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because the purported class is not ascertainable, Plaintiff cannot satisfy the requirement of superiority, questions of law or fact are not common to the class, Plaintiff's claims are not typical of the claims or defenses of the purported class, Plaintiff will not fairly and adequately protect the interests of the class, Plaintiff's interest conflict with those of putative class members, and/or the requirements of Fed. R. Civ. Pro. 23(b) are not met in this case.

**ELEVENTH DEFENSE**

Plaintiff is not entitled to certification of this action as a collective action pursuant to Section 216(b) of the FLSA because Plaintiff and the purported class members he seeks to represent are not similarly situated to one another, Plaintiff's claims require individualized inquiries, and/or proof of damages that would require separate trials.

**TWELFTH DEFENSE**

Plaintiff is an inadequate and atypical representative of the classes he purports to represent and his interests are in conflict with those of the individuals he seeks to represent.

## THIRTEENTH DEFENSE

Plaintiff's claims to minimum wage payments, and those of the members of the putative classes whom they purport to represent, are barred, in whole or in part by the provisions of 29 U.S.C. §206(g) and 29 C.F.R. §786.300.

## FOURTEENTH DEFENSE

Plaintiff's claims and those of the members of the putative classes whom he purports to represent, are barred in whole or in part because he received the primary benefit from the purported activity on which his claims are based.

## FIFTEENTH DEFENSE

Plaintiff's claims and those of the members of the putative classes whom he purports to represent are barred to the extent that these individuals are/were exempt from any entitlement to minimum wages under the FLSA and/or the New York Labor Law pursuant to applicable exemptions, including but not limited to the learned professional, creative professional, or administrative exemptions.

## SIXTEENTH DEFENSE

Plaintiff's claims and those of the members of the putative classes whom he purports to represent are barred to the extent they concern hours during which these individuals were engaged in activities that were preliminary or postliminary to their alleged work activities.

## SEVENTEENTH DEFENSE

Plaintiff's claims and those of the members of the putative classes whom he purports to represent are barred in whole or in part to the extent Defendants lacked actual or constructive knowledge of the hours allegedly worked.

## EIGHTEENTH DEFENSE

Plaintiff's claims and those of the members of the putative classes whom he purports to represent are barred in whole or in part to the extent that these individuals have affirmatively released, waived, or abandoned all or some of the claims raised in the Complaint.

## NINETEENTH DEFENSE

If Defendants' failure to pay requisite wages was unlawful, although such is not admitted, none of Defendants' acts or omissions constitute willful violation of the FLSA or NYLL.

## TWENTIETH DEFENSE

If Defendants' alleged failure to pay requisite wages was unlawful, although such is not admitted, neither Plaintiff nor members of the putative classes he seeks to represent can demonstrate facts sufficient to warrant an award of liquidated damages.

## TWENTY-FIRST DEFENSE

Any failure to pay wages required by the FLSA and/or NYLL to Plaintiff or members of the putative classes he purports to represent is attributable to a bona fide dispute with respect to their entitlement to payment.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred for lack of subject matter jurisdiction.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by statutory exclusions, exceptions, or credits under the FLSA and/or NYLL.

## TWENTY-FOURTH DEFENSE

Plaintiff's NYLL claim is barred for lack of supplemental and pendent jurisdiction.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claims, and those of the members of the putative classes whom he purports to represent, are barred, in whole or in part, because the activities he was and they were engaged in during the internship qualifies as non-compensable training.

**TWENTY-SIXTH DEFENSE**

Certain of the Plaintiff's claims and/or claims of the members of the putative classes whom he purports to represent, are barred to the extent they are subject to mandatory arbitration.

**WHEREFORE**, Defendants respectfully request that the Complaint be dismissed in its entirety, with prejudice, and that the Court award Defendants the cost of their defense, including reasonable attorneys' fees, and such other relief as the Court deems appropriate.

Dated:  November 26, 2014
        New York, New York

MORGAN, LEWIS & BOCKIUS LLP

By:  /s/ Christopher A. Parlo
    Christopher A. Parlo
101 Park Avenue
New York, New York  10178
Telephone: 212.309.6718
Facsimile: 212.309.6001

Sam S. Shaulson
101 Park Avenue
New York, New York  10178
Telephone: 212.309.6960
Facsimile: 212.309.6001

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I, Stephanie R. Reiss hereby certify that on this 26th day of November, 2014, a true and correct copy of Defendants' Answer and Defenses to Plaintiff's Class Action Complaint was served via CM/ECF upon all counsel of record.

/s/Stephanie R. Reiss
Stephanie R. Reiss