Morgan, Lewis & Bockius LLP
One Oxford Centre
Thirty-Second Floor
Pittsburgh, PA 15219-6401
Tel: 412.560.3300
Fax: 412.560.7001
www.morganlewis.com

**Stephanie R. Reiss**
+1.412.560.3378
sreiss@morganlewis.com

Morgan Lewis
COUNSELORS AT LAW

February 20, 2015

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   Tart v. Lions Gate Entertainment Corp., No. 14-cv-08004(AJN)

Dear Judge Nathan:

This firm is counsel to Defendants in the above-referenced wage and hour litigation. The parties submit this joint letter, in accordance with Your Honor's November 26, 2014 Order, and in advance of the upcoming Initial Pretrial Conference, scheduled for February 27, 2015 at 10:15 a.m. The parties also enclose a Proposed Civil Case Management Plan and Scheduling Order.

**(1) A brief statement as to the nature of the action and the principal defenses thereto;**

    a.   Plaintiff

Plaintiff brought this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 216(b) and New York Labor Law ("NYLL") Sections 650, 663, and 12 New York Codes, Rules and Regulations ("NYCRR") §§ 142-2.1, to recover unpaid minimum wages owed to Plaintiff and all similarly situated persons who are presently or were formerly employed by Defendants as unpaid interns in various positions related to the maintenance and operations of its syndicated talk show, "The Wendy Williams Show." The size of the putative class is believed to be in excess of 100 employees.

Named Plaintiff Anthony Tart was employed by Defendants from approximately August 2012 until December 2012. While employed, Plaintiff was responsible for carrying out various tasks such as scanning magazines, getting coffee, getting lunch, buying clothes for various supervisors, throwing out garbage, and washing dishes. Throughout the length of his employment, Plaintiff typically worked two days each week, eight hours each day. Plaintiff was

Morgan Lewis
COUNSELORS AT LAW

The Honorable Alison J. Nathan
February 20, 2015
Page 2

not paid any wages, and was thus not compensated at a rate in compliance with the statutory minimum wage rate. Defendants did not provide Plaintiff and other similarly situated workers with educational learning opportunities or training seminars. Plaintiff and similarly situated interns performed work that benefited Defendants. Had Plaintiff and other similarly situated interns not provided free labor, Defendants would have been required to hire additional paid employees.

Courts in this Circuit have found interns to be employees and entitled to protection under the FLSA where the interns "worked as paid employees work, providing an immediate advantage to their employer and performing low-level tasks not requiring specialized training." *Glatt v. Fox Searchlight Pictures, Inc.*, 2013 U.S. Dist. LEXIS 82079, *41 (S.D.N.Y. June 11, 2013). Additionally, the United States Department of Labor's ("DOL") six-factor test for unpaid interns lays out the criteria that must be considered when assessing the employee status of an intern. Here, Plaintiffs allege, and intend to prove, that they were misclassified as exempt from FLSA and NYLL wage provisions, and that they do not fall within the narrow "trainee" exception to the laws' broad coverage.

b. Defendants

Defendants deny Plaintiff's allegations in their entirety, including but not limited to his allegations that he was an employee rather than an intern/trainee, and deny that they engaged in any acts in violation of the FLSA, NYLL or NYCRR. The Supreme Court has recognized that not all individuals performing tasks for a company are entitled to pay. *See Walling v. Portland Terminal Co.*, 330 U.S. 148 (1947) (holding that the railroad brakemen at issue were trainees and were not employees under the FLSA). The Court reasoned that "[t]he definition 'suffer or permit to work' was obviously not intended to stamp all persons as employees who, without any express or implied compensation agreement, might work for their own advantage on the premises of another." *Id.* at 152. Here, Plaintiff applied for an internship at The Wendy Williams Show in order to receive school credit, the internship was for his benefit and provided him with television production training, and he accordingly received school credit for it from Brooklyn College's Department of Television and Radio toward his Bachelor's degree in Broadcast Journalism. Consistent with Supreme Court precedent, and Judge Baer's decision in *Wang v. The Hearst Corp.*, 293 F.R.D. 489, 494 (S.D.N.Y. 2013) which denied summary judgment for plaintiffs where, *inter alia*, there was evidence that interns received college credit and some educational training, Plaintiff was properly treated as an intern and therefore not eligible for minimum wage compensation.

**(2) A brief explanation of why jurisdiction and venue lie in this Court**

Jurisdiction of the Court is invoked pursuant to FLSA, 29 U.S.C. §§ 206, 207 and 216(b) and 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction over Plaintiff's New York state law claims pursuant to 28 U.S.C. § 1367.



The Honorable Alison J. Nathan
February 20, 2015
Page 3

      Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

**(3) A brief description of all outstanding motions and/or all outstanding requests to file motions;**

      There are currently no outstanding motions or requests to file motions.

**(4) A brief description of any discovery that has already taken place and that which will be necessary for the parties to engage in meaningful settlement negotiations;**

      Defendants have already shared information on the number of interns each semester and year and estimated hours for interns during the different years and semesters within the statute of limitations period.

**(5) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;**

      As described above, Defendants have shared information on the size of the putative class, including the number of Wendy Williams Show interns each semester and each year, and estimated hours for these interns. Plaintiff issued a settlement demand on February 4, 2015.

**(6) The estimated length of trial;**

      Counsel for the parties have conferred and Plaintiff's present best estimate of the length of trial is two weeks if the action proceeds as a class and collective action. Defendants' best estimate is that the trial would take three days as an individual action and three weeks or more if the action proceeds as a class and collective action.

**(7) Any other information that the parties believe may assist this Court in resolving the action.**

      None at this time.

      Respectfully submitted,

      */s/ Stephanie R. Reiss*

      Stephanie R. Reiss



The Honorable Alison J. Nathan
February 20, 2015
Page 4

SRR

cc:     Jeffrey K. Brown, Esq. (via ECF)
        Michael A. Tompkins, Esq.
        LEEDS BROWN LAW, P.C.
        *Counsel for Plaintiff and the Putative Class*

        Lloyd Ambinder, Esq. (via ECF)
        LaDonna M. Lusher, Esq.
        VIRGINIA & AMBINDER, LLP
        *Counsel for Plaintiff and the Putative Class*