UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Anthony Tart and Adriana Silva, on behalf of themselves and all others similarly situated,

Plaintiffs,

—v—

Lions Gate Entertainment Corporation *et al.*,

Defendants.

14-CV-8004 (AJN)

# MEMORANDUM AND ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

ALISON J. NATHAN, District Judge:

On September 11, 2015, Plaintiffs filed an unopposed motion for preliminary approval of a settlement of a putative class and collective action brought by Anthony Tart and Adriana Silva (the "Named Plaintiffs" or "Plaintiffs"), individually and on behalf of the classes of individuals they seek to represent ("Class Members"), to resolve this action against Lions Gate Entertainment Corporation, Lions Gate Films, Inc., and Debmar-Mercury LLC (collectively "Lions Gate" or "Defendants"). The Court has considered the Joint Agreement of Settlement and Release ("Agreement"), its attached exhibits, and the Declaration of LaDonna M. Lusher ("Lusher Declaration"). For the reasons articulated below, the Court grants Plaintiffs' unopposed motion for preliminary approval of class and collective action settlement.

## I.   PRELIMINARY CLASS ACTION CERTIFICATION

"Before certification is proper for any purpose—settlement, litigation, or otherwise—a court must ensure that the requirements of Rule 23(a) and (b) have been met." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 270 (2d Cir. 2006); *see also In re Am. Int'l Grp., Inc. Sec.*

1

*Litig.* ("*In re AIG*"), 689 F.3d 229, 238 (2d Cir. 2012). This applies even to conditional certification for settlement purposes only. *See Long v. HSBC USA Inc.*, No. 14-CV-6233 (HBP), 2015 WL 5444651, at *5 (S.D.N.Y. Sept. 11, 2015).

Rule 23(a) sets forth "threshold requirements" for any class action. *See In re AIG*, 689 F.3d at 238; *see also* Fed. R. Civ. P. 23(a). If a proposed class action satisfies these requirements, proceeding by a class action must also be authorized under Rule 23(b). *See In re AIG*, 689 F.3d at 238; *see also* Fed. R. Civ. P. 23(b). Rule 23(a) has four requirements: numerosity, commonality, typicality, and adequacy of representation. *In re AIG*, 689 F.3d at 238 (citing Fed. R. Civ. P. 23(a)). Rule 23(b)(3), relevant here, provides that class certification is appropriate if common questions predominate over individual questions and a "class action is superior to other available methods" of proceeding. Fed. R. Civ. P. 23(b)(3). The Court will evaluate each of these requirements in turn.

### A. Numerosity

In order to proceed as a class action, the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[N]umerosity is presumed at a level of 40 members." *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 474, 483 (2d Cir. 1995). Because the class here contains an estimated 1,000 class members, *see* Am. Comp. ¶ 29, Plaintiffs easily satisfy Rule 23(a)(1)'s numerosity requirement.

### B. Commonality

The commonality prong of Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2); *see also Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) ("The commonality requirement is met if plaintiffs' grievances share a common question of law or of fact.").

To satisfy the commonality requirement, it is not enough to raise questions at such a high level of generality that they become common to the class. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Instead, plaintiffs must demonstrate "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution" of the case. *Id.* (emphasis in original). One relevant factor in this analysis is whether there is "significant proof" of a "general policy" on a relevant issue. *Wal-Mart*, 131 S. Ct. at 2253. For commonality (as opposed to predominance, discussed below), "[e]ven a single common legal or factual question will suffice." *Freeland v. AT&T Corp.*, 238 F.R.D. 130, 140 (S.D.N.Y. 2006) (citing *In re Agent Orange Prod. Liab.*, 818 F.2d 145, 166–67 (2d Cir. 1987)).

The Second Circuit has held that the proper classification of an unpaid intern should be evaluated under the "primary beneficiary" test. *Glatt v. Fox Searchlight Pictures, Inc.*, 791 F.3d 376, 383 (2d Cir. 2015). "Under this standard, an employment relationship is not created when the tangible and intangible benefits provided to the intern are greater than the intern's contribution to the employer's operation." *Id.* This "highly individualized inquiry" turns on the evaluation of several factors discussed at length in the Second Circuit opinion. *Id.* at 384, 386.

In their proposed Amended Complaint, Plaintiffs allege four common questions of law and fact: (1) whether Defendants failed to pay the named Plaintiffs and class members earned wages; (2) whether Defendants misclassified unpaid interns as exempt from minimum wages; (3) whether Defendants required unpaid interns to perform work for its benefit for which they were not compensated; and (4) whether Defendants failed to pay the statutory minimum wage rate. Am. Comp. ¶ 30. Plaintiffs further allege three common corporate policies that could provide answers to these questions. First, Plaintiffs allege that Defendants had a policy of not providing academic or vocational training to interns. Am. Comp. ¶ 45. Providing such training is one of

the factors enumerated in *Glatt* to aid in determining the "primary beneficiary" of an unpaid internship. *Glatt*, 791 F.3d at 384. Second, Plaintiffs allege that Defendants have uniform policies governing the logistics of their internships. Am. Comp. ¶ 28. Policies on required human resources paperwork, notice regarding lack of compensation, and the scheduling and duration of internships are relevant to several of the factors articulated in *Glatt*. *See* 791 F.3d at 384. Finally, Plaintiffs allege that Defendants have a policy of not paying minimum wage to any interns. Am. Comp. ¶¶ 31, 36. If the interns in this case were in fact "employees" under the primary beneficiary test, Defendants' policy of not paying interns would assist in generating a common answer to the question of what compensation is due to the class.

These common policies demonstrate that this class action is capable of "generat[ing] common answers" to at least some of the questions raised by the primary beneficiary test. *See Wal-Mart*, 131 S. Ct. at 2551. As a result, the class satisfies the Rule 23(a)(2) commonality requirement.

### C. Typicality

The typicality prong of Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The "[t]ypicality requirement is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 252 (2d Cir. 2011) (quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir.1993)). "The commonality and typicality requirements often 'tend to merge into one another, so that similar considerations animate analysis' of both." *Brown v. Kelly*, 609 F.3d 467, 475 (2d Cir. 2010) (quoting *Marisol A.*, 126 F.3d at 376).

4

As explained above, each class member, like the named Plaintiffs, will "make[] similar legal arguments to prove" that Defendants misclassified them as exempt from minimum wage. *See Shahriar*, 659 F.3d at 252. In so doing, the class members, like the named Plaintiffs, will rely heavily on various common corporate policies. *See* Am. Comp. ¶¶ 28, 31, 36, 45. This is sufficient to satisfy the typicality requirement.

### D. Adequacy of Representation

Rule 23(a)(4) provides that a class action is only appropriate if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). There are two elements of this requirement. "First, class counsel must be 'qualified, experienced and generally able' to conduct the litigation." *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (quoting *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968)). Second, the class members must not have interests that are "antagonistic" to one another. *Id.* (quoting *Eisen*, 391 F.2d at 562).

As to the first prong, Virginia & Ambinder, LLP and Leeds Brown Law, P.C. are experienced and well-qualified employment and class action lawyers with expertise in prosecuting and settling labor law cases.[1] The substantial work that Plaintiffs' counsel has performed in investigating, litigating and reaching a settlement in this case demonstrates their commitment to the class and representing the class's interests, as well as their general ability to conduct this litigation. *See In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d at 291. As to the second prong, there is no indication that the interests of the named plaintiffs are antagonistic to the interests of the class members. *See id.* To the contrary, class members and named plaintiffs

---

[1] Numerous courts have granted final approval to class settlements with Virginia & Ambinder, LLP and Leeds Brown Law, P.C. as class counsel. *See, e.g., In re: Penthouse Exec. Club Comp. Litig.*, 10-CV-1145 (KMW) (S.D.N.Y. Jan. 14, 2014); *Garcia v. The Exec. Club LLC*, 10-CV-1545 (SHS) (S.D.N.Y. Aug. 29, 2012); *Cruz v. 13th Ave Fish Market, Inc.*, 11-CV-1209 (SJ) (E.D.N.Y. Dec. 27, 2011). *See* Br. at 9-10.

have a common pecuniary interest in receiving compensation for work performed for Defendants. *See Velez v. Majik Cleaning Serv., Inc.*, No. 03-CV-8698 (SAS), 2005 WL 106895, at *4 (S.D.N.Y. Jan. 19, 2005).

As a result, Plaintiffs satisfy Rule 23(a)(4)'s adequacy of representation prong.

**E. Predominance**

Rule 23(b) allows a case to proceed as a class action if "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). The Second Circuit recently addressed predominance in an unpaid intern case and found that the requirement was not satisfied. *See Glatt v. Fox Searchlight Pictures, Inc.*, 791 F.3d 376, 386-87 (2d Cir. 2015). In that case, Plaintiffs presented limited proof of common policies. *Id.* at 386 (noting that Plaintiff alleged only a "policy of replacing paid employees with unpaid interns"). This single policy was not enough to overcome the "highly individualized inquiry" required to determine "an intern's employment status." *Id.* Importantly, however, the Second Circuit left open the possibility that a case alleging more common internship policies could satisfy the predominance inquiry. *Id.* at 387 n. 5.

Furthermore, *Glatt* involved class certification for trial, *see id.* at 380-81, while the instant matter involves class certification for settlement purposes only. Both the Supreme Court and Second Circuit have made clear that class certification is different in the settlement context. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 619 (1997) ("Settlement is relevant to a class action certification."); *see also In re AIG*, 689 F.3d 229, 240 (2d Cir. 2012). In *Amchem*, the Supreme Court held that when "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems" under Federal Rule of Civil Procedure 23(b)(3)(D) because settlement

obviates the need for trial. *Amchem,* 521 U.S. at 620. In so holding, the Supreme Court made clear that a class action may be approved for settlement purposes even if the same action would not satisfy Rule 23(b)(3) for litigation purposes.

The Second Circuit elaborated on this principle in *In re AIG*. In that case, a group of investors sought certification for settlement purposes of a securities fraud class action. *In re AIG*, 689 F.3d 229 at 237. The Second Circuit noted that, at trial, Plaintiffs would need to show that each individual class member relied on the representations in question in order to prevail. *Id.* at 241. These "individual reliance issues would render a trial unmanageable," and thus prevent certification under Rule 23(b)(3) for litigation purposes. *Id.* at 242. However, because the class certification sought was for settlement, the Court held that the individual issues did not bar certification. *Id.* at 242-43. Ultimately, the Second Circuit noted that that "the predominance inquiry will sometimes be easier to satisfy in the settlement context." *Id.* at 240.

Although no Court in this Circuit has considered how *Glatt* applies to Rule 23(b) class certification for settlement purposes, the logic of *In re AIG* applies equally forcefully in the unpaid intern context. In *In re AIG*, the defendant's liability turned on each individual investors' reliance, *see id.* at 241; here, Defendants' liability turns on the structure of each intern's internship, including tasks performed during the course of the internship. *See Glatt*, 791 F.3d at 384. In both cases, putting on this type of proof for hundreds or thousands of plaintiffs at trial "would render a trial unmanageable." *In re AIG,* 689 F.3d at 242. This Rule 23(b)(3)(D) factor, however, is not relevant for class action settlements. *Amchem* 521 U.S. at 620. Furthermore, the common internship policies alleged by the Plaintiffs, *see* Am. Comp. ¶ 28, 31 36, 45, demonstrate that many of the *Glatt* factors can be answered by resort to "generalized proof."

7

*Glatt,* 791 F.3d at 386-87. As a result, the class in this case satisfies Rule 23(b)(3)'s predominance requirement for settlement purposes.

### F. Superiority

Rule 23(b)(3) further provides that a class may proceed as a class action if the other factors are satisfied and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Efficiency considerations demonstrate that the class action is the best avenue for resolving the instant dispute. First, the "small recoveries" at stake here likely "do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Amchem*, 521 U.S. at 617 (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)). Second, rather than individually settling approximately 1,000 lawsuits, the proposed Settlement allows for the named Plaintiffs, class members, and Defendants to resolve all claims arising from Defendants' unpaid intern program at once. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974) (describing the "efficiency and economy" of the class action as its principal virtue). As a result, Plaintiffs satisfy Rule 23(b)(3)'s superiority requirement.

Because the putative class satisfies the requirements of Rule 23(a) and (b), the Court provisionally certifies, for settlement purposes only, a Rule 23 class consisting of all individuals who were unpaid interns for Lions Gate Entertainment Corporation, Lions Gate Films, Inc., Talk WW production, Inc., and Debmar-Mercury LLC in the state of New York after October 3, 2008 and in California after October 3, 2010.

### II.  APPOINTMENT OF CLASS COUNSEL

Federal Rule of Procedure 23(g) provides that "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g)(1). The Court finds that Virginia & Ambinder, LLP and

8

Leeds Brown Law, P.C. meet the requirements of Rule 23(g). *See* Fed. R. Civ. P. 23(g)(1)(A) (mandating consideration of work done "in identifying or investigating potential claims," "counsel's experience in handling class actions," "counsel's knowledge of the applicable law," and "resources that counsel will commit to representing the class"). As noted above, Virginia & Ambinder, LLP and Leeds Brown Law, P.C. have extensive experience in labor law class actions and have devoted considerable time and effort to litigating and settling this action on behalf of the class. As a result, the Court appoints Virginia & Ambinder, LLP and Leeds Brown Law, P.C. as class counsel for settlement purposes only.

The Court also authorizes the filing of the Plaintiffs' proposed Amended Complaint. For settlement purposes only, the Court appoints Plaintiff Anthony Tart to represent the New York Rule 23 Class and Adriana Silva to represent the California Rule 23 Class.

### III. PRELIMINARY APPROVAL OF THE CLASS SETTLEMENT

At the preliminary approval stage of a class settlement, the court must find only "probable cause" that the settlement agreement is fair to justify notice to class members and a full-scale fairness hearing. *In re Traffic Exec. Ass'n-E. R.R.*, 627 F.2d 631, 634 (2d Cir. 1980) (citing Manual For Complex Litigation § 1.46 at 55 n.10 (1977)). If an "initial evaluation" demonstrates that a settlement agreement is within "the range of possible approval," a court may authorize notice. *Clark v. Ecolab, Inc.*, No. 04-CV-4488 (PAC), 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) (quoting Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 11.25 (4th ed. 2002)). "A 'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.'" *Wal–Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (quoting Manual for Complex Litigation, § 30.42 (3rd ed. 1995)).

The Court has reviewed the proposed Settlement Agreement and finds that the settlement is appropriate to avoid risks inherent in litigation. *In re Ira Haupt & Co.*, 304 F. Supp. 917, 934 (S.D.N.Y. 1969) ("If settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the outcome."). Particularly in light of the Second Circuit's decisions on the criteria governing unpaid internships in *Glatt*, *see* 791 F.3d at 384, "the claims and defenses are fact-intensive and present risks, including . . . the risk that recovery, if any, could take years and would require significant discovery and expense." *Long v. HSBC USA Inc.*, No. 14-CV-6233 (HBP), 2015 WL 5444651, at *4 (S.D.N.Y. Sept. 11, 2015). In light of this factor and the other factors articulated in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), the Court determines that the settlement is within the range of possible settlement approval such that notice to the class is appropriate.

The Court further finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well versed in the prosecution of wage and hour class and collective actions. The mediation assistance of the Honorable Theodore J. Katz reinforces the non-collusive nature of the settlement. *See O'Dell v. AMF Bowling Centers, Inc.*, No. 09-CV-759 (DLC), 2009 WL 6583142, at *1 (S.D.N.Y. Sept. 18, 2009).

As a result, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement, attached to the Lusher Declaration as Exhibit A.

## IV.    FLSA CONDITIONAL CERTIFICATION

"The unique FLSA collective differs from a Rule 23 class because plaintiffs become members of the collective only after they affirmatively consent to join it." *Glatt*, 791 F.3d at 387 (citing *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013)). "[D]istrict courts

have discretion . . . to . . . facilitat[e] notice to potential [FLSA] plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)) (internal quotation marks omitted). This Circuit has adopted a two-step approach to FLSA certification. First, courts make "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id.* at 555. If additional plaintiffs opt in, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.* If not, the action may be "de-certified." *Id.*

At issue here is the initial determination to send notice to potential op-in plaintiffs. The "threshold issue" at this stage is "whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998). A plaintiff must make only a "'modest factual showing' that [he] and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997).

In *Glatt*, the Second Circuit held that Plaintiffs' single alleged common policy of replacing paid employees with unpaid interns was insufficient to establish that plaintiffs were similarly situated. 791 F.3d at 387-88. The Second Circuit noted, however, that a case alleging more common internship policies could satisfy the "similarly situated" inquiry. *Id.* at 388 n.7. Here, the common policies identified by Plaintiffs in the instant action regarding the lack of training provided to interns, the uniform hiring practices of Defendants, and the complete failure of Defendants to compensate any interns provide more "generalized proof" to answer questions

11

about the class's internship experience. *See* Am. Comp. ¶ 28, 31, 36, 45; *Glatt*, 791 F.3d at 387. These allegations make the required "modest factual showing" at the conditional certification stage that plaintiffs "were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555 (quoting *Sbarro*, 982 F. Supp. at 261). As a result, the Court will authorize notice to potential opt-in plaintiffs under the first step of the FLSA certification process. The Court will conduct a more rigorous analysis on whether plaintiffs are "similarly situated" if and when additional plaintiffs opt in. *See id.* at 554.

Thus, the Court conditionally certifies the following FLSA collective for settlement purposes only: All individuals who participated in unpaid internships with Lions Gate Entertainment Corporation, Lions Gate Films, Inc., Talk WW Production, Inc., and Debmar-Mercury LLC, at any time during the internship sessions "in the three years prior to the filing of the Notice." *Juarez v. 449 Rest., Inc.*, 2014 U.S. Dist. LEXIS 182427, *4 (S.D.N.Y. Aug. 22, 2014).

The Court also appoints, for settlement purposes only, Plaintiffs Anthony Tart and Adriana Silva to represent the FLSA Collective and FLSA Opt-Ins. Any FLSA Collective Members who properly submits his or her Claim Form and Release to the Settlement Claims Administrator shall be deemed to have filed his or her consent to opt-in with the Court as of the date it is received by the Settlement Claims Administrator.

## V. NOTICE

Plaintiffs have proposed a "Notice of Proposed Settlement of Class Action Collective Action Lawsuit and Fairness Hearing." Federal Rule of Civil Procedure 23(c)(2)(B) provides that a notice in a class action must provide:

> "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must

12

> clearly and concisely state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through an attorney if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). The proposed Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. Specifically, the Notice "describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing." *O'Dell*, 2009 WL 6583142, at *3.

As a result, the Court approves the proposed Notice of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing ("Notice"), which is attached as Exhibit C to the Lusher Declaration, and directs its distribution to the class. The Court also approves the Claim Form and Release, which is attached as Exhibit A to the Lusher Declaration. Finally, the Court approves Gilardi & Co. LLC as the Settlement Claims Administrator to perform duties in accordance with Section 4 of the Agreement. The Settlement Claims Administrator is authorized to mail the above-referenced documents, after they are updated with the appropriate dates and deadlines, to the applicable Class and Collective Members. Upon receipt of objections, opt-outs, and opt-ins, the Settlement Claims Administrator shall facilitate filing the documents with the Court.

New York and California Class Members who wish to submit any written objection to the Settlement must do so within 30 days of the mailing of the Notice. New York and California Class Members who wish to opt-out of the Settlement must do so within 60 days of the mailing of the Notice. New York and California Class Members who wish to participate in the Settlement must submit the Claim Form and Release within 60 days of the mailing of the Notice.

FLSA Collective plaintiffs who wish to participate in the Settlement must submit the Claim Form and Release within 60 days of the mailing of the Notice.

## VI. CLASS AND COLLECTIVE ACTION SETTLEMENT PROCEDURE

The Court will conduct a hearing pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure on May 13, 2016 at 2:00 p.m. in Courtroom 906, 40 Foley Square, New York, New York (the "Fairness Hearing"), for the purposes of: (1) hearing any timely and properly filed objections; (b) making a final determination as to the fairness, adequacy, and reasonableness of the Settlement terms and procedures; (c) fixing the amount of attorneys' fees and litigations costs and expenses to Class Counsel and service awards to Plaintiffs, if appropriate; and (d) entering Judgment, if appropriate. The Fairness Hearing may be continued without further notice to Class Members. The Plaintiffs shall file their motion for final approval of the settlement, and Class Counsel shall file their motion for attorneys' fees, litigation costs and expenses, and service awards on or before April 18, 2016, 2015.

The following schedule shall govern this action:

- On or before November 3, 2015, Defendants' Counsel will provide the Settlement Claims Administrator and Class Counsel with the Class Member mailing list in electronic form containing the following information: name, last known address, email address, and internship state, as that information exists in Defendants' records ("Class List").

- On or before November 23, 2015, the Notice will be mailed to class and collection action members.

- Class members shall have 30 days from the date the Notice is mailed to submit written objections to the Settlement.

- Class members shall have 60 days from the date the Notice is mailed to opt out of the Settlement.

- Class and collective members shall have 60 days from the date the Notice is mailed to file the Claim Form and Release to join the Settlement.

- On or before March 22, 2016, the parties shall reconcile final distribution of all Allocated Settlement payments to Authorized Claimants, as well as all costs and fees.

- On or before April 11, 2016, Plaintiffs shall file and serve proposed papers in support of final settlement approval to Defendants

- On or before April 18, 2016, Plaintiffs shall file papers in support of final settlement approval with the Court

- On May 13, 2016 at 2:00 p.m., the Court will conduct a Fairness Hearing on the Settlement.

SO ORDERED.

Dated: October 13, 2015
       New York, New York

_____
ALISON J. NATHAN
United States District Judge