UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE LIONS GATE LITIGATION | Case No. 14-cv-8004 (AJN)<br><br>**AMENDED<br>CLASS ACTION COMPLAINT**<br><br>**Jury Demand** |

The Named Plaintiffs Anthony Tart and Adriana Silva (hereinafter referred to as "Named Plaintiffs"), by their attorneys Virginia & Ambinder, LLP, and Leeds Brown Law, P.C., allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.    This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206 and 216(b), New York Labor Law Article 19 § 650, et seq., New York Labor Law Article 6 §§ 190, et seq. ("NYLL"), 12 New York Codes, Rules and Regulations ("NYCRR") § 142-2.1, California Labor Code §§ 221, 223, 1184, 1194.2, 1197, Cal. Unlawful and/or Unfair Business Practices (Bus. & Prof. Code §§ 17200-17208), and Cal. Industrial Welfare Commission ("IWC") Wage Orders,  to recover unpaid minimum wages owed to Named Plaintiffs and all similarly situated persons who are presently or were formerly employed to work as interns for LIONS GATE ENTERTAINMENT CORPORATION, LIONS GATE FILMS, INC., TALK WW PRODUCTION, INC. and DEBMAR-MERCURY LLC or any other entities affiliated with or controlled by LIONS GATE ENTERTAINMENT CORPORATION, LIONS GATE FILMS,

INC., and DEBMAR-MERCURY LLC (hereinafter referred to as "Defendants" or "Lions Gate").

2.      Beginning in approximately September 2008 and, upon information and belief, continuing through the present, Defendants have wrongfully classified Named Plaintiffs and other similarly situated individuals who worked for Lions Gate as exempt from minimum wages.

3.      Beginning in approximately September 2008 and, upon information and belief, continuing through the present, Defendants have maintained a policy and practice of failing to provide compensation at the statutory minimum wage rate for all hours worked to the Named Plaintiffs and members of the putative class.

4.      Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including minimum wages, which they were deprived of, plus interest, attorneys' fees, and costs.

## JURISDICTION

5.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law and California Labor Code.

6.      The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

7.      The statute of limitations under New York Labor Law § 198(3) is six (6) years.

8.      The statute of limitations under California Bus. & Prof. Code § 17208 is four (4) years.

## VENUE

9.      Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims

2

occurred in the Southern District of New York.

## THE PARTIES

10.     The Named Plaintiff, Anthony Tart, is an individual who is currently a resident of the State of New York.

11.     Plaintiff Tart was hired by Defendants to work on the Defendants' "The Wendy Williams Show" located in Manhattan, New York from approximately August 2012 through December 2012.

12.     The Named Plaintiff, Adriana Silva, is an individual who is currently a resident of the State of California.

13.     Plaintiff Silva was hired by Defendants to work in the Defendants' Production & Development department located in Santa Monica, California from approximately October 2011 through December 2012.

14.     Although the Defendants misclassified Named Plaintiffs and other members of the putative class as interns, Named Plaintiffs are covered employees within the meaning of the FLSA, NYLL and the California Labor Code.

15.     Upon information and belief, Defendant Lions Gate Entertainment Corp. ("Lions Gate Entertainment") is a foreign multimedia corporation that operates in the motion picture production and distribution, television programming and syndication, and other entertainment industries. At all relevant times, Lions Gate Entertainment's common stock traded on the New York Stock Exchange under the ticker symbol "LGF." Lions Gate Entertainment maintains an office at 530 Fifth Avenue,New York, New York 10036.

16.     Lions Gate Films, Inc. ("Lions Gate Films") is a foreign business corporation incorporated under the laws of Delaware, and is authorized to do business within the State of New

3

York. Lions Gate Films maintains a principal executive office at 2700 Colorado Ave., Santa Monica, California 90404.

17.     Upon information and belief, Lions Gate Films maintains an office at 530 Fifth AvenueNew York, New York 10036.

18.     Upon further information and belief, Lions Gate Films is a division of Lions Gate Entertainment involved in domestic home entertainment distribution, including distribution of The Wendy Williams Show.

19.     Upon information and belief, Defendant Debmar-Mercury LLC is a subsidiary of Lions Gate Entertainment with offices located at 530 Fifth Avenue,New York, New York 10036.

20.     Defendant Debmar-Mercury produces the American syndicated talk show "The Wendy Williams Show", which airs nationally on FOX Television stations.

21.     Upon information and belief, Talk WW Production, Inc. is a subsidiary of Debmar-Mercury with responsibility for the oversight of the Wendy Williams Show.

22.     Defendants each engage in interstate commerce, produce goods for interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

23.     Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## CLASS ALLEGATIONS

24.     Named Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 22 hereof.

25.     This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

26.     This action is brought on behalf of the Named Plaintiffs and a class consisting of each and every other person who worked for Defendants as interns for Lions Gate and related entities, and were misclassified as exempt from minimum wage requirements during the Relevant Period.

27.     Named Plaintiffs and putative class members are all victims of the Defendants' common policy and/or plan to violate New York, California and Federal wage and hour statutes by (1) misclassifying Named Plaintiffs and members of the putative class as exempt from minimum wage compensation; (2) failing to pay all earned wages, and (3) failing to provide minimum wages for work performed.

28.     Defendants uniformly applied the same employment practices, policies and procedures to all interns who work for Defendants in the States of New York and California – as well as the rest of the country.

29.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 1,000 individuals. In addition, the names of all potential members of the putative class are not known.

30.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendants failed to pay Named Plaintiffs and members of the putative class all earned wages for the work they performed on behalf of Defendants; (2) whether the Defendants misclassified Named Plaintiffs and members of the putative class as exempt from minimum wages; (3) whether the Defendants required Named Plaintiffs and members of the putative class to perform work on its behalf and for its benefit for which they were not compensated; and (4) whether the Defendants failed to pay the statutory minimum wage rate, in

violation of New York and California State Law.

31.    The claims of the Named Plaintiffs are typical of the claims of the putative class. The Named Plaintiffs and putative class members were all misclassified as interns and were all subject to Defendants' policies and willful practices of failing to pay employees all earned minimum wages for work they performed in connection with their relationship with Lions Gate and related entities. Named Plaintiffs and putative class members thus have sustained similar injuries as a result of the Defendants' actions.

32.    The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Named Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

33.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiffs and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation. Finally, a class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

34.    Prosecuting and defending multiple actions would be impracticable.

35.    Managing a class action will not result in undue difficulties.

## FACTS

36.    Upon information and belief, beginning in or around September 2008, the Defendants maintained a common policy and practice of employing interns for Lions Gate and related entities without compensating them for the work that they performed.

37.    Plaintiff Tart was hired by Defendants in or about August 2012 and performed

6

various tasks in connection with his role as an intern on The Wendy Williams Show, including, but not limited to, washing dishes, getting coffee, picking up art supplies, stocking printers, throwing out garbage, and creating a tape library.

38. From August 2012 through December 2012, Plaintiff Tart typically worked two days per week, eight hours per day.

39. Plaintiff Silva was hired by Defendants in or about October 2011 and performed various tasks in connection with her role as an intern in the Lions Gate Production & Development department, including, but not limited to, reading scripts and writing synopsis, inputting data into Excel spreadsheets, research, answering phone calls, and other related entry-level tasks.

40. From October 2011 through December 2012, Named Plaintiff Silva typically worked three days per week, seven to eight hours per day.

41. Defendants did not provide any compensation to Named Plaintiffs for the hours they worked.

42. Defendants benefitted from the work that Named Plaintiffs performed.

43. Defendants would have hired additional employees or required existing staff to work additional hours had Named Plaintiffs not performed work for Defendants.

44. Upon information and belief, like the Named Plaintiffs, members of the putative class were also hired by Defendants, furnished labor to Defendants, under the control of Defendants, for Defendants' benefit, without receiving any compensation, such as minimum wages.

45. Defendants did not provide academic or vocational training to Named Plaintiffs or putative class members.

46. Upon information and belief, Defendants' unlawful conduct has been pursuant to a

7

corporate policy or practice of minimizing labor costs by denying Named Plaintiffs and the putative class members' compensation in violation of the FLSA, NYLL and California Labor Code and their implementing regulations.

47. Defendants' unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused damages to Named Plaintiffs and the putative class.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: FLSA MINIMUM WAGE COMPENSATION

48. Named Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 46 hereof.

49. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than -- (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day [July 24, 2009]."

50. Lions Gate Entertainment is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

51. Lions Gate Films is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

52. Debmar-Mercury is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

53.    Named Plaintiffs and other members of the putative collective action are employees, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

54.    Named Plaintiffs and other members of the putative collective action, during all relevant times, engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

55.    None of the exemptions of 29 U.S.C. § 213 applies to Named Plaintiffs or other similarly situated employees.

56.    Defendants violated the FLSA by failing to pay Named Plaintiffs and other members of the putative collective action minimum wages for all hours worked in any given week.

57.    Upon information and belief, the failure of Defendants to pay Named Plaintiffs and other members of the putative collective action their rightfully-owed wages was willful.

58.    By the foregoing reasons, Defendants are liable to Named Plaintiffs and members of the putative collective action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, liquidated damages, interest and attorneys' fees and costs.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS:**
**NEW YORK MINIMUM WAGE COMPENSATION**

59.    Named Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 57 hereof.

60.    Title 12 NYCRR § 142-2.1 states that, "(a) [t]he basic minimum hourly rate shall be: (1) $7.15 per hour on and after January 1, 2007; (2) $7.25 per hour on and after July 24, 2009; (3) $8.00 per hour on and after December 31, 2013; (4) $8.75 per hour on and after December 31, 2014 . . . ."

61.    New York Labor Law § 663, provides that, "[i]f any employee is paid by his

9

employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

62.     Pursuant to Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

63.     As persons employed for hire by Defendants, Plaintiff Tart and members of the putative class are "employees," as understood in Labor Law § 651.

64.     Pursuant to Labor Law § 651, the term "employer" includes any "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

65.     Pursuant to New York Labor Law §§ 190, *et seq.*, 650, *et seq.,* and the cases interpreting same, Defendants are each considered an "employer" of Plaintiff Tart and members of the putative class.

66.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants and protect Plaintiff Tart and members of the putative class.

67.     Defendants failed to pay Plaintiff Tart and other members of the putative class minimum wages for all hours works, in violation of Title 12 NYCRR § 142-2.1 and Labor Law § 663.

68.     Upon information and belief, Defendants' failure to pay Plaintiff Tart and putative class members minimum wages was willful.

69.     By the foregoing reasons, Defendants have violated Title 12 NYCRR § 142-2.1 and Labor Law § 663, and are liable to Plaintiff Tart and members of the putative class in an amount

10

to be determined at trial, interest, and attorneys' fees and costs.

## THIRD CAUSE OF ACTION:
## NEW YORK FAILURE TO PAY WAGES

70.     Named Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 68 hereof.

71.     Pursuant to Article Six of the New York Labor Law, workers, such as Plaintiff Tart and other members of the putative class, are protected from wage underpayments and improper employment practices.

72.     Pursuant to New York Labor Law § 652, and the supporting New York State Department of Labor Regulations, "every employer shall pay to each of its employees for each our worked a wage of not less than . . . $7.15 on and after January 1, 2007, or, if greater, such other wage as may be established by federal law pursuant to 29 U.S.C. section 206 or its successors, or such other wage as may be established in accordance with the provisions of this article."

73.     Pursuant to New York Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

74.     As persons employed for hire by Defendants, Plaintiff Tart and other members of the putative class are "employees," as understood in Labor Law § 190.

75.     Pursuant to New York Labor Law § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

76.     As entities that hired the Plaintiff Tart and other members of the putative class, Lions Gate Entertainment, Lions Gate Films, and Debmar-Mercury are "employers."

77.     Plaintiff Tart and other members of the putative class agreed upon wage rate was within the meaning of New York Labor Law §§ 190, 191 and 652.

11

78. Pursuant to New York Labor Law § 191 and the cases interpreting the same, workers such as Plaintiff Tart and other members of the putative class are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

79. In failing to pay Plaintiff Tart and other members of the putative class proper wages, Defendants violated New York Labor Law § 191.

80. Pursuant to New York Labor Law § 193, "No employer shall make any deduction rom the wages of an employee," such as Plaintiff Tart and other members of the putative class, that is not otherwise authorized by law or by the employee.

81. By withholding wages from Plaintiff Tart and other members of the putative class, pursuant to New York Labor Law § 193 and the cases interpreting the same, Defendants made unlawful deductions in wages owed to Plaintiff Tart and other members of the putative class.

82. Upon information and belief, Defendants' failure to pay Plaintiff Tart and members of the putative class minimum wages was willful.

83. By the foregoing reasons, Defendants have violated New York Labor Law § 198 and are liable to Plaintiff Tart and other members of the putative class in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

### FOURTH CAUSE OF ACTION:
### CALIFORNIA MINIMUM WAGE

84. Named Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 82 hereof.

85. Pursuant to California Labor Code Sections 201, 203, 215, 216, 226, 1194, 1194.2, 1197 and 1199, it is unlawful for an employer to suffer or permit an employee to work without paying wages for all hours worked, as required by the applicable IWC Wage Order, including but

not limited to failing to keep records of and correctly report hours worked.

86.     California Labor Code sections 1194 and 1194.2 provide that any employee receiving less than the legal minimum wage is entitled to recover the unpaid balance of the full amount of this minimum wage compensation in a civil action plus an additional equal amount as liquidated damages, interest thereon, as well as reasonable attorneys' fees and cost of suit.

87.     Defendants failed to pay Plaintiff Silva and the putative class members the minimum wage for all hours worked as required by the applicable law, including the California Labor Code and IWC Wage Orders.

## FIFTH CAUSE OF ACTION:
## UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES

88.     Named Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 86 hereof.

89.     California Business and Professions Code section 17200, *et seq.,* prohibits unfair competition, that is, any unlawful, unfair or fraudulent business practice. A representative action pursuant to California Business & Professions Code sections 17200, 17203, and 17204 on behalf of the Plaintiffs and general public is appropriate and necessary because as a general business practice, Defendants have not, and are not, paying for all hours worked by the Plaintiff Silva and putative class members, contrary to the laws of the State of California.

90.     California Labor Code section 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards to ensure employees are not required to under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

91.     Defendants' failure to pay legally required compensation under the Wage Orders

13

and Labor Code, as alleged above, constitute unlawful and/or unfair activity prohibited by Business and Professions Code § 17200.

92.     Defendants have committed acts of unfair competition as defined by Business & Professions Code section 17200, *et seq.*, by engaging in the unlawful practices described in this Complaint.

93.     As a result of their unlawful and/or unfair acts, Defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiff Silva and members of the putative class. Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiff Silva and putative class members the wrongfully withheld wages and related penalties to compensate class members for delay in receiving wages due, pursuant to Business and Professions Code §§ 17202 and 17203.

94.     As a direct and proximate result of the aforementioned acts, Plaintiff Silva and the putative class have suffered a loss of wages in an amount to be proven at trial. The acts and practices described above constitute an unfair, unlawful or fraudulent business practice, and unfair competition, within the meaning of Business & Professions Code section 17200, *et seq.,* because they force Plaintiff Silva and the other similarly situated workers to work under substandard conditions, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

95.     Plaintiff Silva's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff Silva sue on behalf of the public as well as themselves and others similarly situated.

**WHEREFORE,** the Named Plaintiffs, individually and on behalf of all other persons similarly situated who were employed by Defendants, seek the following relief:

14

(1)    on the first cause of action against Defendants in an amount to be determined at trial, in the amount equal to the amount of unpaid wages, liquidated damages, interest, attorneys' fees and costs;

(2)    on the second cause of action against Defendants in an amount to be determined at trial, liquidated damages, plus interest, attorneys' fees and costs;

(3)    on the third cause of action against Defendants in an amount to be determined at trial, liquidated damages, plus interest, attorneys' fees and costs;

(4)    on the fourth cause of action against Defendants in an amount to be determined at trial, liquidated damages, plus interest, attorneys' fees and costs;

(5)    on the fifth cause of action against Defendants in an amount to be determined at trial, liquidated damages, plus interest, attorneys' fees and costs; and

(6)    together with such other and further relief the Court may deem appropriate.

Dated: New York, New York
         October 15, 2015

                                          VIRGINIA & AMBINDER, LLP

                                  By:     _____/s/_____

                                          LaDonna Lusher, Esq.
                                          Alison Genova, Esq.
                                          40 Broad Street, Seventh Floor
                                          New York, NY 10004
                                          Tel:    (212) 943-9080
                                          llusher@vandallp.com

                                                  -and-

                                          LEEDS BROWN LAW, P.C.
                                          Jeffrey K. Brown, Esq.
                                          Michael A. Tompkins, Esq.
                                          One Old Country Road, Suite 347
                                          Carle Place, New York 11514
                                          Tel:    (516) 873-9550
                                          jbrown@leedsbrownlaw.com

                                          *Attorneys for Plaintiffs and Putative Class*