UNITED STATED DISTRICT COURT
SOUTHERN DISTRIT OF NEW YORK

Anthony Tart and Adriana Silva, on behalf of
themselves and all others similarly situated,

                Plaintiffs,

    –v–

Lions Gate Entertainment Corporation *et al.*,

                Defendants.

14-CV-8004 (AJN)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 1 6 2016
```

**ORDER GRANTING FINAL APPROVAL TO SETTLEMENT,
AND GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES,
AND GRANTING PLAINTIFF'S MOTION FOR SERVICE PAYMENTS**

On September 11, 2015, the Parties to this action entered into a Joint Stipulation of Settlement and Release (the "Agreement") and applied for preliminary approval of the agreement and the terms thereof. On October 13, 2015, this Court granted preliminary approval to the Agreement, conditionally certified the FLSA Collective under 29 U.S.C. § 216(b), and provisionally certified the New York Class and the California Class under Rule 23 of the Federal Rules of Civil Procedure. This Court subsequently directed that notice of the Agreement, its terms, and the applicable procedures and schedules be provided to all Class Members, who were given an opportunity to object to the settlement and/or opt out of it.

Notice was sent to 915 (out of 1792) Class Members, or 51%. Class Members for whom no contact information is available ("Undocumented Class Members") shall have until July 13, 2016 to submit a claim to participate in the settlement.

On April 29, 2016, the Parties jointly filed a Motion for Judgment and Final Approval (the "Final Approval Motion"). The Court held a Fairness Hearing on that motion on May 13,

2016. No one appeared at the Fairness Hearing to voice an objection or otherwise be heard to contest the settlement.

On April 29, 2016, Class Counsel also filed a Motion for an Award of Attorneys' Fees and Costs and Service Payments, which Defendant did not oppose. The Parties agree that the Attorneys' Fee Motion is to be considered by the Court separately from the Final Approval Motion. This Court held a hearing on this separate motion on May 13, 2016 as well.

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Agreement, the Final Approval Motion, as well as the Parties' briefs, declarations, and arguments in support of that motion and the motion for attorneys' fees, and the proceedings in this Litigation to date, that:

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Agreement;

2. This Court has jurisdiction over the subject matter of this Litigation and all matters relating thereto, and over all Parties;

3. This Court confirms as final its provisional certification under Fed. R. Civ. P. 23(a) and (b)(3) of the New York Class and the California Class for purposes of settlement only and based on its findings in the Court's October 13, 2015 Order and in the absence of any objections from Class Members as to final certification. The New York Class and the California Class raise the state law class claims identified in the Complaint.

4. The Court confirms as final the appointment of Tart and Silva as class representatives of the FLSA Collective; Tart as class representative of the New York Class; and Silva as class representative of the California Class.

5. The Court likewise confirms the appointment of Virginia & Ambinder LLP, and

Leeds Brown Law, P.C., as Class Counsel.

6. Solely for purposes of settlement, the Court confirms as final its conditional designation of the Participating Claimants and the Current FLSA Opt-Ins as an FLSA collective action pursuant to 29 U.S.C. § 216(b). The Court finds that certain individuals (Named Plaintiffs, Current FLSA Opt-Ins, and Participating Claimants) have opted into this FLSA collective action, and that these individuals are similarly situated for purposes of settlement, and the Court therefore certifies this group as a collective action.

7. If, for any reason, this Final Approval Order and the final judgment entered concurrently herewith do not become Final, this Final Approval Order, including the certification of the New York Class and California Class under Rule 23, and the grant of final certification of the Participating Claimants and the Current FLSA Opt-Ins under 29 U.S.C. § 216(b), shall be vacated; the Parties shall return to their respective positions in this Litigation as those positions existed immediately before the Parties executed the Agreement; and nothing stated in the Agreement or any other papers filed with this Court in connection with the settlement shall be deemed an admission of any kind by any of the Parties or be used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

8. The Notices to Class Members, sent pursuant to this Court's October 13, 2015 and January 4, 2016 Orders and described at length at the Fairness Hearing, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution and any other applicable law. The parties have agreed that Undocumented Class Members who did not did not receive any form of notice about this settlement, including publication notice, may commence an individual action notwithstanding the settlement as long as their claims

3

are otherwise timely.

9. This Court approves the Parties' retention of KCC, LLC as Settlement Claims Administrator.

10. This Court grants final approval to the Agreement and the settlement set forth therein. The Court finds that the settlement is fair, reasonable, and adequate in all respects and that it is binding on Named Plaintiffs; all Current FLSA Opt-Ins; all Participating Claimants; and all Class Members who did not timely opt out pursuant to the procedures set forth in this Court's October 13, 2015 and January 4, 2016 Orders and the Agreement. A list of Class Members who opted out is attached to the Final Judgment as Exhibit A. The Court finds that the size of the settlement fund—$1,341,752.00 before deduction of payments to Class Counsel, the Claims Administrator, the two Named Plaintiffs, and the California Labor Workforce Development Agency— and the $531 or $600 payments to individual Claimants are rationally related to the strength of the claims in this case given the risk, expense, complexity, and duration of further litigation.

11. This Court also finds that the Agreement is procedurally fair because it is the result of arms-length negotiations between experienced counsel representing the interests of the Parties, after thorough factual and legal investigation.

12. The Agreement is also substantively fair under the facts set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). Weighing in favor of the settlement are (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial, particularly in light of *Glatt v. Fox Searchlight Pictures, Inc.*, 791 F.3d 376 (2d Cir. 2015); (5) the lack of any objections as to the fairness of the settlement to Class Members; and (6) the total settlement amount that each claimant will receive

as compared to the best possible recovery and attendant risks of litigation.

13. The Settlement Class's reaction to the settlement was positive. Only one Class Member objected to the settlement (on grounds unrelated to the fairness of the settlement) and only 4 Class Members opted-out.

14. By operation of the entry of this Order, the following claims are fully, finally and forever released, relinquished and discharged: (1) all claims described in Sections 1.31, 1.32, and 4.1 of the Agreement, (2) all claims in the individual releases executed by Anthony Tart and Adriana Silva, and (3) all claims or potential claims against the Named Plaintiffs or Class Counsel as described in Section 4.1(D). The Court has reviewed the documents referenced above and finds all of these releases to be fair, reasonable, and enforceable under the FLSA, Fed. R. Civ. P. 23 and all other applicable law.

15. The Parties entered into the Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to Named Plaintiffs and the other Class Members, individually or collectively, liability being expressly denied by Defendants.

16. The Parties are ordered to carry out the settlement according to the terms of the Agreement.

17. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Agreement.

FURTHERMORE, IT IS HEREBY ORDERED, upon consideration of Class Counsel's Motion for an Award of Attorneys' Fees and Costs, as well as Class Counsel's brief, declarations, and oral argument in support of that motion, that:

18. The Court grants to Class Counsel an award of attorneys' fees and costs of

$324,942.00, or 24.2% of the settlement fund. Such award is reasonable in light of the effort expended and risks undertaken by Class Counsel, and the results of such efforts including the ultimate recovery obtained. Awarding attorneys' fees based on a percentage of the settlement fund rather than the amount of claims submitted by class members is proper. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 479-80 (1980); *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 431 (2d Cir. 2007).

19. The Court also approves Class Counsel's request for payment of $10,000.00 to the California Labor and Workforce Development Agency ("LWDA") representing the LWDA's share of the settlement attributable to PAGA penalties.

20. The Court also approves Class Counsel's request for payment of $29,382.40 to KKC, LLC, the Settlement Claims Administrator, for fees and costs.

21. This fee award supersedes and extinguishes any prior agreement between Class Counsel and Named Plaintiffs and/or any other Class Member concerning attorney's fees and costs associated with the Litigation, and it shall be the full, final, and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of the Named Plaintiffs, the Current FLSA Opt-Ins, the FLSA Collective, the Participating Claimants, the New York Class, and the California Class.

22. Service payments are approved as follows:
   To Tart: $5,000
   To Silva: $5,000

Such service payments are in addition to the amounts these individuals will otherwise be eligible to receive as their share of the recovery under the Agreement. Such service payments are to compensate Tart and Silva for the time and effort expended in assisting in the prosecution of the litigation and the ultimate recovery.

SO ORDERED.

Dated: May 16, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge

# EXHIBIT A

A list of Class Members who opted out:

        Rhonda Neal

        Margaret Bray

        Stacey Holcomb

        Lauren Davidson